# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-280V**
**Filed: October 28, 2019**
UNPUBLISHED

| | |
|---|---|
| MICHAL BEHAR, Parent and Guardian Ad Litem of RJB, a minor,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*William I. Goldsmith, Goldsmith & Hull, APC, Northridge, CA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Corcoran**, Chief Special Master:

On February 22, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that RJB suffered an intussusception as a result of RJB's May 20, 2015 rotavirus vaccination. Petition at Preamble, ¶¶ 8, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 20, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for RJB's intussusception. On October 25, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating RJB should be awarded $50,000.00 in compensation through a lump sum payment in the form of a check made

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

payable to petitioner as the guardian/conservator of RJB, for the benefit of RJB. Proffer at 1-2. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award RJB a lump sum payment of $50,000.00 in the form of a check payable to petitioner, as the guardian/conservator of RJB, for the benefit of RJB.** [3] This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to the Proffer:

> No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of RJB's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of RJB, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of RJB upon submission of written documentation of such appointment to the Secretary.

Proffer at 2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MICHAL BEHAR, Parent and Guardian Ad Litem of RJB, a minor,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-280V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF DAMAGES**

On February 22, 2018, Michal Behar ("petitioner") filed a petition for compensation ("Petition"), on behalf of her minor child, RJB, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleged that RJB suffered from an intussusception four days after receipt of a rotavirus vaccination on May 20, 2015. *See* Petition at *Preamble*, ¶¶ 8, 12. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on June 18, 2019. Based on Respondent's Rule 4(c) Report Chief Special Master Dorsey found petitioner entitled to compensation.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,000.00, which represents all elements of compensation to which RJB would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Respondent recommends that compensation provided to RJB should be made through a lump sum payment of **$50,000.00**, in the form of a check made payable to petitioner as the

guardian/conservator of RJB, for the benefit of RJB. [1] No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of RJB's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of RJB, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of RJB upon submission of written documentation of such appointment to the Secretary. Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586

Date: October 25, 2019

[1] Should RJB die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.