# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0280V
(not to be published)

| | |
|---|---|
| MICHAL BEHAR, Parent and Guardian Ad Litem of RJB, a minor,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: October 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Timeliness of Motion for Fees and Costs |

*William I. Goldsmith*, Goldsmith & Hull, APC, Northridge, CA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 22, 2018, Michal Behar filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.,[2] (the "Vaccine Act"). Petitioner alleged that RJB suffered an intussusception as a result of RJB's May 20, 2015 rotavirus vaccination. (Petition at Preamble, ¶¶ 8, 12). On October 28, 2019, a decision was issued awarding compensation to Petitioner based on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent's proffer. (ECF No. 44). Judgment then issued on November 19, 2019. (ECF No. 48).

Based on the date of judgment, any request for fees was due no later than May 18, 2020 (180 days from entry of judgment). Vaccine Rule 13(a). But that date came and went with no such request. Rather, on November 18, 2021 (*two years* after entry of judgment), Petitioner filed an untimely motion for attorney's fees and costs, requesting a total award of $36,951.57 (representing $32,954.50 in fees and $3,997.07 in costs). (ECF No. 53). Pursuant to my subsequent Order (ECF No. 54), Petitioner filed documentation to support her request for costs on December 29, 2021, and apparently reduced her request for attorney costs to $3,629.04.[3] (ECF No. 55). In accordance with General Order No. 9, Petitioner's counsel represents that Petitioner incurred no out-of-pocket expenses. (ECF No. 53 at 6). Respondent filed his response to Petitioner's motion on January 28, 2022 (ECF No. 56), and Petitioner filed her reply on February 4, 2022. (ECF No. 57). This matter is ripe for resolution.

I have reviewed the billing and costs records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

I.       **General Requirements for Fees Requests**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). A fee request must be substantiated with contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201,

---

[3] Although, Petitioner did not explicitly state that she was reducing her request for costs, the invoice of costs or expenses submitted on December 29, 2021, with documentation indicates total expenses of $3,629.04 – slightly less than what was previously requested. (ECF No. 55 at 4).

2

209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of [the] submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## II. Fees Will be Permitted Even Though the Request was Untimely

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case Petitioner filed her motion for attorney's fees and costs on November 18, 2021, *two years* after judgment entered on November 19, 2019 – 550 days late. And Petitioner never moved for an extension of time in which to act. This is cause by itself to deny Petitioner's request for fees and costs in the entirety as Respondent recommends. (ECF No. 56 at 5, 7).[4]

Petitioner concedes that her Fees Motion was untimely filed, but submits that it was "not due to dis-regard for the court's rule but by mistake, and inadvertence, and excusable neglect." (ECF No. 57 at 1-2). Petitioner explains that pursuant to Respondent's Proffer in this case (which I adopted in my Decision), she was required to provide Respondent documentation establishing that she was appointed as guardian/conservator of RJB's estate. (*Id.* at 5 (citing Proffer on Damages, ECF No. 43 at 2)). But she "was under the mistaken belief that moving for an award of attorney's fees would be premature before actually establishing the [g]uardianship proceeding in state court." (*Id.* at 6).

Additionally, Petitioner indicates that initially she obtained an appointment as guardian ad litem, as is custom in a California state court matter, as opposed to a full guardianship which caused further delay. (ECF No. 57 at 6). And court closures due to the COVID-19 Pandemic, and confusion by the California state court as to why a

---

[4] In the alternative, Respondent requests that "this Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (ECF No. 56. at 7).

guardianship was required in the first place, caused her further delay in obtaining the necessary guardianship.[5] (*Id.* at 4, 6-7). Petitioner also argues that she has acted in good faith, that Respondent has not been prejudiced by her delay, and that the delay has had no negative impact on judicial proceedings. (*Id.* at 8). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (established four factors to determine excusable neglect "(1) the danger of prejudice to the [nonmoving party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith").

I will award attorney's fees and costs in this matter, despite the fact that Petitioner's request is facially untimely, because Petitioner has provided a reasonable explanation for her late filing, and thus demonstrated excusable neglect. *See*, *e.g.* RCFC 6(b)(1)(B).[6] In finding Petitioner's explanation for her delay reasonable, I have given weight to the fact that her counsel, who is relatively new to practice in the Program[7], acknowledged that he was confused and/or mistaken as to whether the case had concluded in light of the pending guardianship matter, a requirement set by Respondent.

Nevertheless, counsel in question should not expect that the rules will be similarly "bent" for future fees requests. To the extent counsel was unsure of how to deal with

---

[5] Petitioner also indicates in her February 4, 2022 Reply brief that she is still actively occurring costs and fees, and further that she had an Order to Show Cause hearing in Los Angeles Superior Court to explain why funds had not yet been deposited into the minor's account. (ECF No. 57 at 2). I note, however, that Petitioner has filed no supplemental request for attorney's fees and costs. Accordingly, and consistent with the fact that the foundational request is grossly untimely, the instant Decision represents a final award of attorney's fees and costs in this matter. Moreover, costs to maintain or administer an estate or guardianship would not be compensable under the Act in any event. *Bennett v. Sec'y of Health & Hum. Servs.*, No. 15-65V, 2017 WL 3816094, at *4 (Fed. Cl. Spec. Mstr. Aug. 7, 2017)

[6] I interpret Petitioner's Motion for Attorneys Costs and fees, and Reply Brief, to be an untimely request to extend the time to request fees and costs under Rule 13 – which I will grant for good cause shown. I also note that Respondent, while objecting to an award of attorney's fees and costs in this case (in light of the untimely filing), has not alleged any prejudice. Although Respondent does observe that "the longer the [attorney fees and costs] motion is filed after judgment has entered, the more difficult it is to assess the reasonableness of the amount being sought." (ECF No. 56 at 5.) However, Respondent does not attempt to assess the reasonableness of specific attorney's fees and costs sought in this case, and instead states that he "no longer has sufficient resources to provide detailed objections to requests for attorney's fees and costs." (ECF No. 56 at 7, n.8.)

[7] I note, however, that counsel's unfamiliarity with the Vaccine Program in general, and the Vaccine Rules in particular, *alone* would not have been sufficient to constitute excusable neglect. *Verity v. Sec'y of Health & Hum. Servs.*, No. 11-106V, 2017 WL 1709709, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) ("the over two-year delay caused by acknowledged attorney ignorance of Program rules for timely requesting an attorney's fees award cannot be attributed to excusable neglect.")

4

unresolved guardianship issues and their impact on fees, he should have sought clarification – particularly given that the November 19, 2019 Judgment issued in this case notified Petitioner of the deadline. (ECF No. 48). Accordingly, I find it reasonable to reduce Petitioner's final award of attorney's fees *by ten percent* in light of her very delinquent request. Counsel should be on notice that any future requests for fees and costs that are untimely filed may be denied in the entirety.

### III.    Calculation of Fees in this Case

Petitioner requests compensation for attorney William Goldsmith at the rate of $495 per hour for all time billed between 2017 – 2021. (ECF No. 53 at 3).[8] The billing records, however, reflect that Mr. Goldsmith actually billed at the rate of $495.64 an hour.[9] (ECF No. 53-2 at 11). Mr. Goldsmith has previously been awarded different rates for this same timeframe: $400 per hour for time billed in 2017; $420 per hour for time billed in 2018; and $440 per hour for time billed in 2019. *Spector v. Health & Human Servs.,* No. 401V, 2020 WL 1456560 (Fed. Spec. Mstr. Feb. 27, 2020). No determination has been made in prior cases, however, as to the proper rate for his time in 2020 or 2021.

I agree with the reasoning of the special master in *Spector* and reduce Mr. Goldsmith's rates to the previously awarded rates for 2017-19. Based on these previously awarded rates, I also find the rates of $460 per hour for 2020 and $480 per hour for 2021 to be more appropriate for Mr. Goldsmith's time billed for these years.

Petitioner requests compensation for Mr. Goldsmith's paralegal, Jennifer Meyers, at the rate of $150 per hour for all time billed between 2017-21. However, Petitioner's Motion reflects that Ms. Meyers actually billed time in this case at rate of $148.59.[10] Ms. Meyers has previously been awarded the rate of $148 per hour for time billed in 2017. *Spector*, 2020 WL at *3. I agree with the reasoning from the previous case, and therefore

---

[8] Petitioner attached to his Motion for Attorney's Fees and Costs the retainer agreement between himself and his Counsel. (ECF No. 53-1). I note that fees and costs associated with a claim filed pursuant to the Vaccine Act can only be obtained by order of the special master, or judge, presiding over the case. *See* Section 15(e)(3) ("[n]o attorney may charge any fee for services in connection with a petition . . . *which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)*") (emphasis added). I raise this issue to notify Counsel that any attempt to recover from Petitioner any fees or costs that have been requested herein but not awarded by this Decision would constitute a violation of the Vaccine Act.

[9] Petitioner's "time summary" indicates that Mr. Goldsmith billed 50.75 hours at the rate of $495.64 for a total of $25,153.75. (ECF 53-2 at 11).

[10] Petitioner's "time summary" indicates that Ms. Meyers billed 52.50 paralegal hours at the rate of $148.59 for a total of $7,800.75. (ECF 53-2 at 11).

reduce Ms. Meyers 2017 rate to the previously awarded rate. This results in a reduction of **$1.03**.[11] The rate billed of $148.59 per hour is reasonable and will be awarded for time billed between 2018-21.

Application of these rates results in a reduction of **$2,879.76**, resulting in a preliminary fees calculation of **$30,074.74**.[12] I further find the time billed by counsel in this matter to be generally reasonable – although, as discussed above, I reduce awardable fees by ten percent in light of the fact that the Fees Motion was filed grossly out of time, for an additional reduction of **$3,007.47**, resulting in a total attorney's fee award of **$27,067.27**.

### IV.     Costs Calculation

Petitioner requests $3,629.04 in overall costs. (ECF No. 55 at 4). This amount is comprised of obtaining medical records, the Court's filing fee, and costs associated with establishing the Guardianship. I have reviewed the requested costs and find the majority of them to be reasonable, with a few exceptions where costs have not been substantiated with any supporting documentation. These costs are:

- January 15, 2020 - $25.20 "Court fees – Direct Legal – E-filing fee – Probate Cover Sheet/Expedited Petition to Approve Disposition";

- February 4, 2020 - $23.65 "Court fees – Direct Legal – Petitioner To Approve Deposit Funds";

- April 10, 2020 - $497.44 "Court fees – E-filing fee – Rejected wrong Court LASC downtown not Lancaster – Petition for Appointment of Guardian Ad Litem of the Estate, Probate coversheet, Subsequent Notice of hearing";

- May 19, 2020 - $9.95 – "Court fees – Court e-filing – Reject"; and

---

[11] This amount consists of $148.59 - $148.00 = $.59 x 1.75 hrs = $1.03.

[12] This amount consists of ($495.64 - $400 = $95.64 x 6.25 hrs = $597.75) + ($495.64 - $420 = $75.64 x 7.5 hrs = $567.30) + ($495.64 - $440 = $55.64 x 26.75 hrs = $1,488.37) + ($495.64 - $460 = $35.64 x 3.25 hrs = $115.83) + ($495.64 - $480 = $15.64 x 7 hrs = $109.48) = $2,878.73 (attorney fees reduction) + $1.03 (paralegal fees reduction) = $2879.76. $32,954.50 - $2879.76 = $30,074.74.

- January 21, 2021 - $15.00 – "Court fees Court Connect OSC for Atty and Client – OSC Guardian Ad Litem Case."[13]

(ECF No. 55 at 2-3). As these costs have no supporting documentation, they will not be reimbursed. This reduces the costs to be awarded by **$571.24**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$30,125.07** (representing $27,067.27 in fees, and $3,057.80 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[14]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[13] Counsel requests a total of $30.00 in fees for the "Court Connect OSC" for attorney and client, however, has only provided one invoice of $15.00 in support of this request. (ECF No. 55 at 2, 24).

[14] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.